# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPENCER KLING, HEATHER MOSER, JASON SNYDER, JUSTIN WIDMARK, and EMMA KREIDER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs<br><br>*versus*<br><br>COUNTY OF LANCASTER,<br><br>Defendant | Case No:<br><br>Jury Trial Demanded |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated, bring this collective action against Defendant County of Lancaster ("County") and allege as follows:

### Introduction

1. This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, to recover unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and costs.

2. Plaintiffs are current hourly employees who work as Dispatchers and Assistant Supervisors at the Department of Public Safety ("DPS") 9-1-1 Division of Lancaster County, Pennsylvania.

3. Plaintiffs and similarly situated employees routinely work more than 40 hours in individual workweeks; however, the County maintains and enforces an illegal

    policy and practice of refusing to pay overtime premiums when an employee works more than 40 hours in a given workweek if the employee does not exceed 80 hours over a two-week pay period.

4. The County improperly averages employees' hours over a two-week pay period to avoid paying overtime premiums owed for individual workweeks exceeding 40 hours.

5. This practice violates the FLSA, which requires overtime compensation for all hours worked in excess of 40 hours in a single workweek, absent a lawful exemption.

6. As a result of the County's unlawful policies and practices, Plaintiffs and similarly situated employees have suffered damages in the form of unpaid overtime compensation.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction under:

    a. 29 U.S.C. § 216(b); and

    b. 28 U.S.C. § 1331.

8. Venue is proper in this District under 28 U.S.C. § 1391 because:

    a. Defendant is in this District; and

    b. The unlawful conduct occurred in this District.

## Parties

9. Plaintiff Spencer Kling ("Kling") is an adult individual who is currently employed by the County as an Assistant Supervisor in the DPS 9-1-1 Division.

10. Plaintiff Kling consents to join this collective action pursuant to 29 U.S.C. § 216(b).

11. Plaintiff Heather Moser **("Moser")** is an adult individual who is currently employed by the County as a Dispatcher in the DPS 9-1-1 Division.

12. Plaintiff Moser consents to join this collective action pursuant to 29 U.S.C. § 216(b).

13. Plaintiff Jason Snyder ("Snyder") is currently employed by the County as an Assistant Supervisor in the DPS 9-1-1 Division.

14. Plaintiff Snyder consents to join this collective action pursuant to 29 U.S.C. § 216(b).

15. Plaintiff Justin Widmark ("Widmark") is an adult individual who is currently employed by the County as an Assistant Supervisor in the DPS 9-1-1 Division.

16. Plaintiff Widmark consents to join this collective action pursuant to 29 U.S.C. § 216(b).

17. Plaintiff Emma Kreider ("Kreider") is an adult individual who is currently employed by the County as a Dispatcher in the DPS 9-1-1 Division.

18. Plaintiff Kreider consents to join this collective action pursuant to 29 U.S.C. § 216(b).

19. The County is a public employer located at 150 North Queen Street, Lancaster, Pennsylvania.

20. The County operates the DPS 9-1-1 Division in which Plaintiffs and the Collective Members work.

21. The County is an "employer" within the meaning of 29 U.S.C. § 203(d).

22. At all relevant times, the County employed Plaintiffs and the similarly situated employees.

## Collective Action Allegations

23. Plaintiffs bring this action on behalf of themselves and all similarly situated employees under 29 U.S.C. § 216(b).

24. The proposed collective consists of:

    *All current and former hourly Dispatchers and Assistant Supervisors employed by the County in the DPS 9-1-1 Division at any time within the past three years.*

25. Plaintiffs and the Collective Members are similarly situated because:

    a. They perform similar job duties;

    b. They are paid on an hourly basis;

    c. They under the same chain of supervisors;

    d. They are subject to the same overtime policies; and

    e. They are subject to the same unlawful practice of overtime avoidance through two-week averaging.

26. The County maintains centralized payroll and compensation policies, applicable to all employees in the DPS 9-1-1 Division.

27. The County's unlawful overtime practices apply uniformly to Plaintiffs and Collective Members.

**Factual Allegations**

28. Plaintiffs' and Collective Members primary duties consist of receiving emergency calls, obtaining information from callers, entering information into computer-aided dispatch systems, and transmitting information to police, fire, and EMS personnel in the field.

29. Plaintiffs and Collective Members are civilian communications personnel who:

    a. do not have authority to enforce laws;

    b. do not possess arrest powers;

    c. do not conduct criminal investigations;

    d. do not patrol or respond to crime scenes;

    e. do not engage in fire suppression activities; and

    f. are not trained as firefighters or sworn law enforcement officers.

30. Plaintiffs and Collective Members work recurring schedules structured around two-week pay periods.

31. Under these schedules, Plaintiffs and Collective Members routinely work:

    a. More than 40 hours in one workweek; and

    b. Less than 40 hours in the following workweek.

32. The County does not pay overtime premiums for hours worked in excess of 40 hours in an individual workweek unless the employee exceeds 80 hours in the two-week pay period.

33. Instead, the County improperly averages employees' hours over the two-week pay period.

34. For example, under the County's unlawful practice, an employee who works 48 hours in the first week and 32 hours in second week of the pay period receives no overtime premium pay. However, under the FLSA, the employee is entitled to eight hours of overtime compensation for the first week.

35. The County's policy results in systemic underpayment of overtime compensation.

## COUNT I
## Fair Labor Standards Act

36. Plaintiffs incorporate all preceding allegations.

37. The FLSA requires overtime compensation for hours worked over 40 in a single workweek.

38. The County's practice of averaging hours across multiple workweeks violates the FLSA.

39. Plaintiffs and Collective Members are not employees engaged in fire protection or law enforcement activities within the meaning of § 207(k).

40. The County is therefore required to pay overtime after 40 hours in each workweek.

41. The County knew or showed reckless disregard for whether its conduct violated the FLSA.

42. The County is an experienced public employer.

43. The County knew that overtime must be calculated on a workweek basis.

44. Despite this knowledge, the County maintained unlawful pay practices.

45. The County's violations were willful.

46. Because the County's actions were willful, the applicable statute of limitations is three years.

47. The County cannot demonstrate a good faith effort to comply with the FLSA.

48. As a result, Plaintiffs and Collective Members are entitled to:

    a. Unpaid overtime compensation;

    b. Liquidated damages;

    c. Attorneys' fees;

    d. Costs;

    e. Interest; and

    f. Other appropriate relief.

## Prayer for Relief

49. Plaintiffs respectfully request that this Court:

    a. Certify this case as a collective action under 29 U.S.C. § 216(b);

    b. Designate Plaintiffs as representatives of the Collective;

    c. Designate the undersigned as counsel for the Collective;

    d. Authorize notice to Collective Members;

    e. Enter judgment in favor of Plaintiffs and Collective Members;

    f. Award unpaid overtime compensation damages, including consequential damages, such as retirement plan contributions;

    g. Award liquidated damages;

    h. Award attorneys' fees and costs;

    i. Award pre- and post-judgment interest;

j.  Order the County to amend its policies to ensure all employees receive overtime compensation in accordance with the FLSA; and

k.  Grant such other relief as the Court deems appropriate.

### Jury Demand

50. Plaintiffs demand trial by jury.

Respectfully submitted,

KREVSKY BOWSER LLC

<u>/s/ Anthony T Bowser</u>
Anthony T Bowser (PA # 204561)
abowser@krevskybowser.com
20 Erford Road | Suite 300A
Lemoyne, Pa 17043
717.731.8600
*Counsel for Plaintiffs*