IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SPENCER KLING, et al.,
      Plaintiffs

v.

COUNTY OF LANCASTER,
      Defendant

Case No. 5:26-cv-01528

Jury Trial Demanded

**DEFENDANT'S ANSWER TO PLAINTIFFS'
COLLECTIVE ACTION COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant County of Lancaster (the "County"), by and through its counsel, answers Plaintiffs' Collective Action Complaint and asserts affirmative defenses as follows:

**Introduction**

1.    Admitted in part and denied in part. It is admitted that Plaintiffs' Complaint asserts a collective action under the Fair Labor Standards Act ("FLSA"). In all other respects, the averments of Paragraph 1 are denied. It is specifically denied that the County violated the FLSA and that Plaintiffs are entitled to damages or any other remedy.

2.    Admitted in part and denied in part. By way of further answer, it is admitted that Plaintiffs Kling, Snyder, and Widmark are employed as "Assistant Communication Supervisors," and Plaintiffs Moser and Kreider

are employed as "Telecommunicator Specialists," at the County's Department of Public Safety.  In all other respects, the averments of Paragraph 2 are denied.

3.    Denied.  By way of further answer, Paragraph 3 sets forth a legal conclusion to which no response is required.  To the extent a response is required, the averments of Paragraph 3 are denied.

4.    Denied.

5.    Denied.  By way of further answer, Paragraph 5 sets forth a legal conclusion to which no response is required.  To the extent a response is required, the averments of Paragraph 5 are denied.

6.    Denied. By way of further answer, Paragraph 6 sets forth a legal conclusion to which no response is required.  To the extent a response is required, the averments of Paragraph 6 are denied.

### **Jurisdiction and Venue**

7.    Admitted.

8.    Admitted in part and denied in part.  Paragraph 8 and its subparts a. through b. set forth legal conclusions to which no response is required.  To the extent a response is required, it is admitted only that this Court is an appropriate venue for Plaintiffs' claims.  It is specifically denied that the County engaged in unlawful conduct.

2

**<u>Parties</u>**

9.    Admitted.

10.    Paragraph 10 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Kling's consent to join this case is appended to the Complaint as Exhibit A, which speaks for itself.

11.    Admitted.    By way of further answer, Moser's job title is Telecommunicator Specialist.

12.    Paragraph 12 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Moser's consent to join this case is appended to the Complaint as Exhibit A, which speaks for itself.

13.    Admitted.

14.    Paragraph 14 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Snyder's consent to join this case is appended to the Complaint as Exhibit A, which speaks for itself.

15.    Admitted.

16.    Paragraph 16 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Widmark's consent to join this case is appended to the Complaint as Exhibit A, which speaks for itself.

17.    Admitted.    By way of further answer, Kreider's job title is Telecommunicator Specialist.

18. Paragraph 18 sets forth a legal conclusion to which no response is required. To the extent a response is required, Kreider's consent to join this case is appended to the Complaint as Exhibit A, which speaks for itself.

19. Admitted.

20. Admitted in part and denied in part. It is admitted that Kling, Moser, Snyder, Widmark, and Kreider work in the County's Public Safety Department. Plaintiffs' use of the term "Collective Members" is vague, undefined, and lacks the specificity necessary for the County to answer. The County is therefore without knowledge or information sufficient to form a belief as to the truth of these averments. Therefore, the averments related to "Collective Members" are denied.

21. Paragraph 21 sets forth a legal conclusion to which no response is required. To the extent a response is required, it is admitted that the County is an employer subject to the FLSA.

22. Admitted in part and denied in part. It is admitted that the County currently employs Kling, Moser, Snyder, Widmark and Kreider. In all other respects, the averments of Paragraph 22 are denied. By way of further answer, Plaintiffs' use of the term "similarly situated employees" is vague, undefined, and lacks the specificity necessary for the County to answer. The County is therefore without knowledge or information sufficient to form a

belief as to the truth of these averments. Therefore, the averments related to "similarly situated employees" are denied.

## Collective Action Allegations

23. Paragraph 23 does not set forth any factual allegations that require a response. To the extent a response is required, it is admitted that Plaintiffs bring this case as a collective action pursuant to § 216(b) of the FLSA. It is specifically denied that the County violated the FLSA and that Plaintiffs and/or any potential class members are entitled to damages.

24. Denied. Paragraph 24 does not set forth any factual allegations that require a response. To the extent a response is required, it is denied that Plaintiffs' proposed collective is an appropriate class.

25. Denied. By way of further answer, Paragraph 25 sets forth a legal conclusion to which no response is required. To the extent a response is required, the averments of Paragraph 25 and its subparts a. through e. are denied. Answering further, Plaintiffs' use of the terms "Collective Members" and "similarly situated" are vague, undefined, and lack the specificity necessary for the County to answer. The County is therefore without knowledge or information sufficient to form a belief as to the truth of these averments. Therefore, the averments related to "Collective Members" and "similarly situated" are denied.

26.     Admitted in part and denied in part.  It is admitted that the County maintains centralized payroll.   It is denied that the County maintains compensation policies applicable to all employees within its Department of Public Safety.

27.     Denied.

**Factual Allegations**

28.     Admitted in part and denied in part.  It is admitted that Plaintiffs Moser and Kreider's primary duties consist of receiving emergency calls and transmitting information to police, fire, and EMS personnel.   In all other respects, the averments of Paragraph 28 are denied.

29.     Denied.  Paragraph 29 and its subparts a. through f. set forth legal conclusions with respect to whether fire protection and law enforcement exemptions of the FLSA apply to Plaintiffs.  Such legal conclusions do not require a response.  To the extent a response is required, the averments of Paragraph 29 are denied.

30.     Admitted in part and denied in part.  It is admitted that Plaintiffs' work a recurring schedule.  It is admitted that the County's payroll is biweekly. In all other respects, the averments of Paragraph 30 are denied.

31.     Admitted in part and denied in part.  It is admitted that Plaintiffs' schedules require them to work more than forty (40) hours in one week and

less than forty (40) hours in one week.  In all other respects, the averments of Paragraph 31 are denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

## Count I

36.    The County answers to Paragraphs 1 through 35 are incorporated as if set forth in full herein.

37.    Paragraph 37 sets forth a legal conclusion to which no response is required.  To the extent a response is required, the averments of Paragraph 37 are denied.  By way of further answer, the FLSA contains many exemptions to overtime requirements.

38.    Denied.  By way of further answer, see the response to Paragraph 33.

39.    Paragraph 39 sets forth a legal conclusion to which no response is required.  To the extent a response is required, the averments of Paragraph 39 are denied.

40.   Paragraph 40 sets forth a legal conclusion to which no response is required.   To the extent a response is required, the averments of Paragraph 40 are denied.

41.   Denied.

42.   Admitted in part and denied in part.  It is admitted that the County is a public employer.  In all other respects, the averments of Paragraph 42 are denied.

43.   Paragraph 43 sets forth a legal conclusion to which no response is required.   To the extent a response is required, the averments of Paragraph 43 are denied.

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.  Paragraph 48 and its subparts a. through f. set forth a prayer for relief to which no response is required.  To the extent a response is required, it is denied that the County violated the FLSA and/or that Plaintiffs are entitled to any remedy.

**Prayer for Relief**

49.    Denied.  Paragraph 49 and its subparts a. through k. set forth a prayer for relief to which no response is required.  To the extent a response is required, it is denied that the County violated the FLSA and/or that Plaintiffs are entitled to any remedy.

**Jury Demand**

50.    Paragraph 50 demands a trial by jury.  As such, no response is required.  To the extent that a response is required, it is denied that there exist any triable issues or that Plaintiff is entitled to a jury trial.

**AFFIRMATIVE DEFENSES**

1.    The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.    Plaintiffs' claims, and claims of any putative collective members, are barred in whole or in part by the two-year statute of limitations.

3.    Plaintiffs' claims, and the claims of any putative collective members, are barred in whole or in part because they cannot be maintained as a collective action.

4.    Collective relief is not appropriate in this action because individual issues predominate over the collective issues, and therefore, the

degree of individual inquiry and analysis make the claims not conducive to collective litigation.

5. Collective relief is not appropriate in this action because the issue of damages would be individualized to each purported collective member.

6. Plaintiffs, and any putative collective members, have not suffered harm as a result of any conduct by the County.

7. Plaintiffs' claims, and those of any putative collective members, are barred by their own actions and/or failures to act.

8. Plaintiffs, and any putative collective members, are exempt from overtime pay required under the FLSA.

9. The County did not intentionally violate the FLSA or know that alleged acts or omissions (which the County denies) were prohibited by the FLSA.

10. The County did not show reckless indifference to or disregard for the requirements of the FLSA.

11. In the event that this Court finds that the County committed any violation of the FLSA, Plaintiffs and any member of the putative collective are not entitled to liquidated damages because the County acted in good faith and had reasonable grounds for believing that the alleged acts or omissions were not violations of the FLSA.

12.    Plaintiffs, and any putative collective members, are not entitled to any penalty, fine, multiplication of damages, or extensions of any statute of limitations because the County did not willfully, knowingly, or intentionally fail to comply with the provisions of the FLSA.

13.    The amounts that Plaintiffs claim as damages are subject to a good-faith dispute or contest.

14.    Plaintiffs' claims, and the claims of any putative collective members, are barred in whole or in part by their failure to mitigate their damages.

15.    Plaintiffs, and any putative collective members, have failed to allege a sufficient basis to establish entitlement to punitive damages.

16.    Plaintiffs' claims and those of any putative collective member are barred by the doctrine of laches, estoppel, and/or waiver.

17.    The County will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other affirmative and additional defenses and/or otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, the County requests that judgment be entered in its favor and against Plaintiffs, together with costs and such further relief as is just and proper.

McNEES WALLACE & NURICK LLC

By:    */s/ Langdon T. Ramsburg*
Langdon T. Ramsburg, PA ID 3187949
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166
(717) 237-5402
lramsburg@mcneeslaw.com

Micah T. Saul, PA ID 307236
570 Lausch Lane, Suite 200
Lancaster, PA 17601
(717) 581-3736
msaul@mcneeslaw.com

Dated:  April 15, 2026          *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this date a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

McNEES WALLACE & NURICK LLC

By:  */s/ Langdon T. Ramsburg*
Langdon T. Ramsburg

*Attorney for Defendant*

Dated:  April 15, 2026