# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SPENCER KLING, et al.,                                :
              Plaintiffs,                   :
                                    :

                 v.                               :   Civil No.: 5:26-cv-01528
                                      :

COUNTY OF LANCASTER,                         :
               Defendant.                   :

## NOTICE OF INITIAL PRETRIAL CONFERENCE

**TAKE NOTICE,** that a **Rule 16 Conference,** in the above case has been set as follows:

Lead counsel shall appear for a Rule 16 conference in the above-captioned matter on **Thursday, May 21, 2026 at 11:30 a.m.,** at the United States District Court located at 504 West Hamilton Street, Suite 4701, Allentown, Pennsylvania. Counsel are required to meet and confer pursuant to Rule 26(f) and to complete and submit to the Court the Joint Rule 26(f) Report no later than Monday, May 11, 2026.[1]

The Parties are advised that the United States Magistrate Judge assigned to this Court is the Honorable Pamela A. Carlos.

                                      For the Court,

                                      */s/ Christine C. Stein*
                                      Christine C. Stein
                                      Deputy Clerk for Judge John M. Gallagher

Date of Notice: April 22, 2026

---

[1] It is expected that the Rule 26(f) meeting should be a meaningful and substantive discussion to formulate the proposed discovery plan required by the Rule. This discussion should include anticipated deposition witnesses, a proposed deposition schedule, and the need for any third-party subpoenas and waiver from the opposing party. The parties should begin discovery as soon as permitted under the applicable rules without waiting for the Rule 16 conference and regardless of whether a motion is pending.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| SPENCER KLING, et al., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil No.: 5:26-cv-01528 |
| | : | |
| COUNTY OF LANCASTER, | : | |
| Defendant. | : | |

---

**JOINT RULE 26(f) REPORT**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on

(date) and submit the following report of their meeting for the court's consideration:

I.   **Counsel**

    A.  Lead counsel for Plaintiff(s):    _____

    B.  Lead counsel for Defendant(s):    _____

    C.  Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

       _____
       _____
       _____

    D.  Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

       _____
       _____
       _____

II.  **Description of Claims and Defenses**

The Parties should assume that the Court has read the Complaint and is familiar with the

claims.  However, the facts supporting those claims and defenses are unknown.  Therefore, counsel

shall summarize the primary facts that the parties contend support their claims and defenses and the

threshold legal issues.  **Counsel should not merely parrot their pleadings**.  In addition, the Parties should attach critical documents to this report for the Court to review, if not attached to the pleadings already (e.g., in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).

## III.    Stipulated Facts

The Parties **must stipulate to facts that are not in dispute**.  In the interest of judicial economy and avoiding duplicative and/or unnecessary discovery, the Parties are required to identify and sign a stipulation outlining facts which they do not intend to dispute, although they are not required to identify disputed facts at this early stage.

## IV.    Jurisdiction

The Parties must state the basis for this Court's subject matter jurisdiction over the dispute.

## V.    Insurance Coverage and Deductibles

The Parties must disclose any insurance coverage and the cost of the retainer or deductible as required by Rule 26(a)(1)(A).

## VI.    Dispositive Motions

The Parties must identify if either side expects to file a case-dispositive motions, what motion, and approximate timeline for the motion.

## VII.    Anticipated Scope of Discovery

A. Summarize with specificity those issues on which the Parties will need to conduct discovery.  Identify categories of information each Party needs in discovery and why.

B. Anticipated number of interrogatories per Party:        _____

C. Anticipated number of depositions per Party:        _____

D. To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal.

E.  Do the Parties anticipate the need for any third-party discovery?  If so, identify the likely third-parties and the discovery to be sought.

F.  Do the Parties anticipate the need for experts?  If so, identify the subjects on which the expert(s) may opine.

## VIII.    Status of Discovery

The Parties must summarize the status of discovery to-date.  State the parties' agreement on timing, form and scope of informal disclosures.  Specifically identify not only the information listed in Rule 26(a)(1), but any additional information the parties agree to disclose informally.  If nothing has been done in terms of discovery, the Parties should explain why.  Keep in mind that self-executing discovery must not be delayed until the pretrial conference.

## IX.    Proposed Case Management Deadlines

When completing this section, the Parties should presume that the Court **will __not bifurcate__ fact and expert discovery**.  Therefore, the Parties should propose dates that take that presumption into account.

A.  Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference):    _____

B.  Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays):    _____

C.  Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): _____

D.  Deadline for rebuttal expert reports (if any):    _____

E.  Deadline to complete **all** discovery (fact and expert, including expert depositions): _____

F.  If any Party seeks more than 120 days for discovery, explain why.

G.  Deadline to file motion for summary judgment:            _____

H.  Estimated trial ready date:            _____

I.   Estimated Number of Days for Trial:            _____

## X.    Deposition Scheduling

The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery.  If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.

Have the Parties set aside dates for deposition?  ____ Yes ____ No

If yes, what are those dates?  _____

If no, when do the parties intend to confer, and how many dates do they intend to set aside?

_____

## XI.    Electronic Discovery

**Prior to the Rule 16 conference**, the Court expects the Parties to have a thorough discussion about electronic discovery, including but not limited to 1) the need for electronically stored information ("ESI"), 2) sources of ESI, 3) the anticipated scope of electronic discovery, 4) the identity of potential custodians, 5) whether search terms will be necessary and, if so, any limitations thereto, 6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure, and 7) any anticipated problems with electronic discovery.  The Parties should summarize their discussion on these issues here.  The Court expects counsel who attend the Rule 16 conference to be familiar with and able to discuss any ESI-related issues that might arise.

In addition, the Parties should state whether they have agreed to an ESI stipulation.  If so, **the Parties should submit the stipulation to the Court in advance of the Rule 16 conference**.  If not, the Parties should identify what issues need to be resolved to finalize the stipulation.

## XII.    Protective Orders and Confidentiality Agreements

The Parties should indicate whether they anticipate the need for a protective order in this case. If so, the Parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards. In addition, the Parties are directed to Judge Gallagher's Policies and Procedures concerning Protective Orders and Confidentiality Agreements.

## XIII.   Alternative Dispute Resolution

A. Have the Parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.

B. Have the Parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3.

C. Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

## XIV.    Consent to Send Case to a Magistrate Judge

The Parties should indicate whether they consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c).

## XV.    Policies and Procedures

Judge Gallagher's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Gallagher will strike pleadings and other submissions that do not comply with his Policies and Procedures.

## XVI.    Other Matters

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (e.g., anticipated motions, bifurcation, privilege issues, etc.).

**ACKNOWLEDGEMENT OF RULE 26(F) MEETING AND THE ABOVE SUBMISSION TO THE COURT:**

_____          _____

Name:                                      Name:
Counsel For:                               Counsel For:
Law Firm Name:                             Law Firm Name:
Address:                                   Address:

Telephone:                                 Telephone:
Fax:                                       Fax:
E-Mail:                                     E-Mail:

Date:                                      Date: