KREVSKY
BOWSER

**Anthony T Bowser**
abowser@krevskybowser.com

November 4, 2026

SUBMITTED VIA CM/ECF

The Honorable John M. Gallagher
United States District Judge
Eastern District of Pennsylvania

**Re:** ***Kling, et al. v. County of Lancaster*, No. 5:26-cv-01528**
**Request for Discovery Conference**

Dear Judge Gallagher:

I write on behalf of Plaintiffs to request a brief telephone conference concerning outstanding discovery disputes that threaten to compromise Plaintiffs' ability to complete meaningful depositions before the approaching discovery deadline. Despite efforts to resolve these issues with opposing counsel, substantial questions remain concerning the completeness of the County's document production and interrogatory responses.

Of particular concern is the County's failure to identify and produce responsive communications involving individuals with knowledge of the payroll and overtime practices at issue. The County's initial disclosures identified only three witnesses as having relevant knowledge and information: Christina Peddigree, Brian Pasquale, and Scott Wiglesworth. After scheduling depositions for Pasquale and Wiglesworth, defense counsel informed us that those individuals know very little about the facts and circumstances in this case and their depositions would not be a worthwhile exercise.

Through documents and communications obtained from the County and the named Plaintiffs, four other individuals – Kristin Hamm, Loretta Whitcraft, Veronica Perez, and Kristine Erdman – have since been identified. Indeed, Plaintiffs' counsel have obtained emails from their own clients that appear directly responsive to their document requests but were never produced by the County.

These concerns extend beyond the missing communications. On October 21, following a conference with opposing counsel, Plaintiffs identified specific deficiencies in the County's interrogatory responses concerning its established FLSA workweeks, overtime calculations, claimed credits for premium compensation, and individualized damages. Plaintiffs requested supplementation to clarify these issues and streamline the remaining

depositions. To date, the requested supplementation has not been provided.

Plaintiffs have attempted to accommodate the witnesses' schedules, with depositions currently contemplated for November 5, 10, and 12. However, the County has not completed its supplemental search for responsive communications, and defense counsel has indicated that the remaining issues should instead be addressed through deposition testimony. The County has also declined Plaintiffs' request to conduct depositions outside the discovery period by agreement.

This places Plaintiffs in a difficult position: proceeding with depositions without the documents and information necessary to examine witnesses effectively, or risking the expiration of the discovery period before those depositions can be completed.

Plaintiffs have diligently pursued discovery and would prefer to resolve these issues cooperatively without burdening the Court. Under the circumstances, however, we respectfully request a brief telephone conference to address the outstanding discovery, establish an appropriate schedule for completing production and depositions, and consider a limited extension of the discovery deadline. Depending on the resulting schedule, it may also be appropriate to revisit the timing of the settlement conference currently anticipated for late November.

Thank you for the Court's consideration. Opposing counsel is copied on this correspondence.

Respectfully submitted,

/s/ Anthony T Bowser
Counsel for Plaintiffs

c Langdon T Ramsburg, Esq
Micah T Saul, Esq