McNees

November 6, 2026

**VIA ECF**

The Honorable John M. Gallagher
United States District Judge
U.S. District Court for the Eastern District of PA
504 W. Hamilton Street
Suite 4701
Allentown, PA 18101

**RE: Kling et al. v. County of Lancaster**
**Case No. 5:26-cv-01528**

Dear Judge Gallagher:

In accordance with your directive, the County of Lancaster (the "County") writes in response to Plaintiffs' correspondence to you regarding a discovery dispute. For the reasons discussed below, the County believes judicial economy warrants the Court deferring consideration of the issues raised in Plaintiffs' correspondence until after the parties have completed mediation with Judge Carlos, which is scheduled in less than two weeks.

Relevant Background

Plaintiffs served their interrogatories and requests for documents on the County seven months ago in April 2026. The County served its responses in June 2026. On July 15, 2026, Plaintiffs sent a letter to the County, claiming that several of its discovery responses were deficient. The County replied to the deficiency letter on August 3, 2026. The County informed Plaintiffs that the areas Plaintiffs claimed to be deficient were actually expansive requests for new and additional discovery based on the information Plaintiffs learned from the County's original discovery responses. Accordingly, the County informed Plaintiffs that any such requests for new and additional information must be propounded in a second set of written discovery. To date, Plaintiffs have not propounded any additional discovery.

In accordance with the Court's order (Doc. 46), the parties had conferred in early August and selected October 14 and October 15 as the dates for depositions in this case. With the County's discovery responses in hand, Plaintiffs initially notified the County on August 14, 2026 that they intended to depose Brian Pasquale (executive director of public safety), Veronica Perez (payroll specialist), Scott Wiglesworth (county controller), and Rule 30(b)(6) designees. Plaintiffs also provided an expansive list of topics for the County's 30(b)(6) designees. The County scheduled these depositions for October 14 and October 15 and identified Rule 30(b)(6) designees for each topic that Plaintiffs identified.

On August 27, 2026, the parties had a status conference with the Court. During the status conference, Plaintiffs did not raise the alleged deficiencies. Instead, Plaintiffs requested that the County produce outstanding payroll records related to collective members to allow sufficient time to review the records in advance of depositions. As a result, the Court directed the County to produce payroll records of the collective members by October 2, 2026. The County did so, producing hundreds of pages of timesheets, time records, payroll records, and paystubs.

The parties were prepared to proceed with depositions on October 14 and October 15. Accordingly, as of those dates, Plaintiffs believed they had sufficient discovery responses from the County to conduct depositions before the discovery deadline. However, on the morning of October 14, Plaintiffs' counsel cancelled the depositions due to illness. The County accommodated the need to reschedule depositions.

Counsel for the parties spoke on October 20, 2026 to discuss the rescheduling of depositions. The parties agreed to hold November 5, 10, and 12 (the discovery deadline) for purposes of rescheduling the depositions. Plaintiffs' counsel also indicated that Plaintiffs were going to send an email to request additional information for the purpose of trying to expedite the depositions. On October 21, 2026, Plaintiffs sent the email to request such information in order to complete the depositions in less time. On October 22, 2026, within eight days of when depositions were originally scheduled to be completed, Plaintiffs notified the County that they were going to depose a different group of people: Kristene Erdman (office manager); Loretta Whitcraft (admin specialist); Kristin Hamm (HR representative); and Veronica Perez (payroll specialist). The County did not object to the change in deponents.

Upon review of Plaintiffs' email requesting additional information in advance of depositions, the County determined that Plaintiffs were again seeking information beyond the scope of the original discovery requests from April 2026. In addition, the County believes that the information Plaintiffs seek is best explored in depositions.

One of Plaintiffs' requests relates to emails of employee complaints. Plaintiffs' original Request for Production Number 9 sought complaints, questions, and inquiries related to overtime, hours worked, or compliance with the Fair Labor Standards Act. In response to that Request, the County produced an email chain from January 2026 between a named plaintiff (Spencer Kling) and various County employees, which was the precursor to the instant case. In Plaintiffs' email requesting additional information, they produced a different email chain between a different named plaintiff (Heather Moser) and Kristin Hamm, in which the named plaintiff asks about the County's payroll cycle. From this additional email chain, Plaintiffs have formed the belief that additional emails responsive to Request for Production Number 9 must exist and asked for the production of any such complaints.

Like Plaintiffs' other information requests, Plaintiffs' request for supplemental production of complaints is outside the scope of the information requested in Request for Production Number 9. Indeed, the email between Moser and Hamm that Plaintiffs rely on does not relate to overtime, hours worked, or compliance with the FLSA. It is not responsive to Plaintiff's Request for Production Number 9.[1]

The County coordinated the scheduling of the newly identified deponents. The depositions for Erdman, Whitcraft, and Perez are scheduled for November 10 and 12. The County notified Plaintiffs that Hamm was available for her deposition on November 5, a date the parties had previously agreed to hold. Plaintiffs requested to depose Hamm on November 10; however, Hamm is unavailable on that date for personal reasons.

In response, Plaintiffs determined that without a supplemental production of complaints to Hamm as requested in their October 21 email, they would not depose Hamm on November 5 (regardless of whether any such additional complaints actually exist). Plaintiffs requested to depose Hamm after the discovery deadline (November 12) but before mediation (November 19), which the County declined. In turn, Plaintiffs filed the correspondence with the Court, raising the instant issue.

---

[1] Nonetheless, the County is reviewing its electronically stored information to ensure that all responsive complaints have been produced. Any complaints responsive to Request Number 9, if any, will be supplementally produced.

The County's Position

The Court should defer spending its time on this issue until after the mediation scheduled on November 19, 2026. The County has produced hundreds of pages of timesheets, time records, payroll records, and paystubs. The County has also produced the internal complaint that precipitated the instant case. With these documents and data, along with the depositions to be completed on November 10 and 12, Plaintiffs have the information needed to meaningfully participate in mediation. For the Court to spend time on this issue before the mediation (and therefore, before knowing whether addressing it is actually necessary) would be a waste of judicial resources. The Court should require the parties to submit a status report within seven (7) days of mediation, and the Court can determine at that time whether any extension of the case management deadlines are warranted.

To the extent the Court is inclined to address it now, the Court should deny any request to extend the discovery deadline. Plaintiffs' request for information is outside the scope of their original written discovery, and despite knowing the County's position since August 3, Plaintiffs have neither propounded additional discovery nor sought a resolution through the Court. Likewise, Plaintiffs had agreed to hold November 5 for depositions, and they elected to abandon the opportunity to use it. At this point, Plaintiffs seek discovery for discovery's sake. They seek the delay in the progress of this case to pursue discovery. The opposite should be true (the pursuit of discovery to progress the case to conclusion).

Sincerely,



Langdon T. Ramsburg

MCNEES WALLACE & NURICK LLC